IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01274-MSK-MJW

IVAN JONES,

    Plaintiff,

v.

TODD COWENS,

    Defendant.

---

**OPINION AND ORDER GRANTING, IN PART,
MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Strike and Motion for Summary Judgment **(# 13)**, the Plaintiff's response **(# 14,** as supplemented **# 16)**, and the Defendant's reply **(# 15)**.

According to the *pro se* Complaint **(# 3)**, on October 12, 2007, the Plaintiff was an inmate of the Colorado Department of Corrections ("CDOC"), being transferred from the custody of Adams County authorities to the CDOC Diagnostic Center. The Plaintiff contends that the Defendant, a CDOC Corrections Officer, "proceeded to talk down to and treat plaintiff as if he were an animal." The Defendant then "marched plaintiff to an occupied cell, threw out the occupant, threw in plaintiff, removed Adams County's shackles and placed DOC handcuffs on plaintiff (behind his back) so tight they caused great pain and reduced his circulation." The Plaintiff contends that he was left in this condition for two hours, and that his requests to loosen the handcuffs or to use the toilet were denied. The Plaintiff also contends that his shoes were

1

removed from him, "aggravat[ing] his plantar fasciitis foot condition" and that, because he was handcuffed, he was "unable to shoo away" gnats that were in the cell.

He alleges three causes of action: (i) that he was subjected to cruel and unusual punishment in violation of the 8th Amendment to the U.S. Constitution; (ii) a claim entitled "Negligence- violation of 8th and 14th Amendments," which recites that, although there was a toilet in the cell, the Plaintiff was unable to use it because of his handcuffed condition; and (iii) a claim entitled "Brutality - violation 8th Amendment" which contends that the Defendant purposefully placed the handcuffs too tightly on the Plaintiff, causing "great pain," affecting the Plaintiff's circulation, and causing "deep red grooves around his wrists that lasted several hours," and further alleging that prison officials prevented the Plaintiff from seeing the facility nurse in order to cover up any injuries caused by the handcuffs.

The Defendant now moves to "strike" the Complaint as unsigned,[1] and for summary judgment on the Plaintiff's claims, arguing: (i) the Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a); (ii) the Plaintiff's claims are barred 42 U.S.C. § 1997e(e), in that the Plaintiff alleges only emotional injury and has not alleged a corresponding physical injury; (iii) to the extent the Plaintiff is asserting official capacity claims for money damages, such claims are barred by the 11th Amendment[2]; and (iii) any tort claims are barred by

---

[1]This defect was corrected by a supplement filed at Docket # 4.

[2]The Court does not read the Plaintiff's Complaint as asserting any official capacity claims. Many litigants – and many attorneys – mistakenly believe that an "official capacity" designation is the equivalent of asserting that an action was undertaken in the scope of an individual's employment (*i.e.* that he was acting as a prison "official," not as an off-duty "individual"). In actuality, proper "official capacity" claims are almost always those seeking prospective injunctive relief against an agency, seeking to compel the agency to discontinue an ongoing unlawful practice, and the party named in the "official capacity" is the head of the

the Colorado Governmental Immunity Act, C.R.S. § 24-10-101 *et seq.*

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Court turns first to the argument that the Plaintiff failed to exhaust CDOC's administrative remedy procedure. 42 U.S.C. § 1997e(a) requires that an inmate completely exhaust any internal prison grievance procedure that is "available" before commencing suit. However, where an inmate demonstrates that his failure to exhaust prison remedies is the result of actions or inactions by prison officials, the Court may determine that the administrative remedy was not actually "available," and thus, need not have been exhausted. *See generally Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007), *citing Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.2002); *see also Esobar v. Reid*, 240 Fed.Appx. 782, 784-85 (10th Cir. 2007) (reversing dismissal on exhaustion grounds where inmate alleged that he was

---

agency or the person capable of commencing or ceasing the practice. Where a suit seeks to redress a past violation of law that has already concluded, only individual capacity claims against the persons responsible for the violation will lie.

retaliated against by prison officials for filing grievances and had grievance materials confiscated by prison officials).

Here, the Plaintiff's response contends that, after the incident he question, he was returned to Adams County custody. He attempted to obtain CDOC grievance forms from Adams County officials, but they refused to provide them, claiming that it was "not their jurisdiction." The Plaintiff also contends that he had limited interaction with CDOC personnel, and that these personnel "did not take the time to meet with prisoners." As a result, he contends that "it was impossible to obtain the necessary paperwork to file a grievance," and by the time he was returned to a CDOC facility, the time limit for filing such a grievance had expired. Admittedly, this is a factual contention that is set forth in neither the Complaint nor an affidavit, nor is it attested to under penalty of perjury, such that the Court could treat it as an affidavit under 28 U.S.C. § 1746. Nevertheless, the Court assumes that, were the Plaintiff to be advised of this defect, he would readily remedy it by attesting to the factual assertions in his response under penalty of perjury. Were he to do so, the Court would find that he has raised a genuine issue of fact as to whether the grievance procedure was "available" to him, such that summary judgment to the Defendant on exhaustion grounds would be inappropriate.

However, the Court agrees with the Defendant that the Plaintiff's claim for damages is barred by 42 U.S.C. § 1997e(e). That statute provides that "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This requirement applies regardless of the nature of the legal wrongs being asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). The physical injury required must be more the *de*

*minimis*, but need not necessarily be "significant." *Clifton v. Eubank*, 418 F.Supp.2d 1243, 1245-46 (D. Colo. 2006). Physical pain, standing alone, however, is deemed to be a *de minimis* injury, and therefore is insufficient to meet the "physical injury" requirement of § 1997e(e) without more. *Id.* at 1246. The Plaintiff contends that he suffered a physical injury,[3] in the form of "deep red grooves" on his wrist where the handcuffs had been, and that the grooves lasted for "several hours" after the handcuffs were removed. The Plaintiff does not contend that the "grooves" themselves caused him any additional physical suffering or required medical attention.[4]

Described as such, the grooves appear to be nothing more (and indeed, given their duration of only a few hours, significantly less) than simple bruising. Several courts have found that an inmate who sustained only bruising as a result of some physical contact failed to satisfy the "physical injury" requirement of § 1997e(e). *See Corsetti v. Tessmer*, 41 Fed.Appx. 753, 755 (6th Cir. 2002) (unpublished); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Accordingly, the Court finds that the Plaintiff has failed to come forward with evidence that he sustained a "physical injury" as a result of the conduct at issue here, and, as a result, cannot

---

[3]The Plaintiff also offers an argument that the "physical injury" requirement of § 1997e(e) is somehow precluded by the Torture Victims Protection Act, 28 U.S.C. § 1350 (an act providing federal jurisdiction for tort suits by aliens), and the Torture Victims Relief Act, P.L. 105-320, an appropriations bill that provided funding for certain programs of the Department of Health and Human Services and the United Nations. Neither act has any bearing on the requirements of § 1997e(e).

[4]Although the Plaintiff contends that he was not taken to see a nurse for three days, he contends that the grooves disappeared within hours and does not contend that, once he saw the nurse, he received any treatment for the now-vanished grooves.

recover monetary damages for mental or emotional injury.[5]

Finally, the Court rejects the Defendant's invocation of the Colorado Governmental Immunity Act, insofar as the Court finds that the Plaintiff's Complaint alleges only constitutional deprivations of his 8th Amendment right against cruel and unusual punishment and his 4th and 8th Amendment rights to be free from the use of excessive force; in other words, the Court does not understand the Plaintiff to be asserting tort claims for negligence or excessive force, despite the phrases used in the Complaint. *Martinez v. El Paso County*, 673 F.Supp. 1030, 1031 (governmental immunity not available for § 1983 claims). To the extent the Plaintiff was pursuing tort claims, the Colorado Governmental Immunity Act requires him to have given notice of his claim to the Attorney General within 180 days of the event giving rise to the claim. C.R.S. § 24-10-109. The Plaintiff here contends that he gave such notice "in September of 2008." Because the incident the Plaintiff complains of occurred in October 2007, his notice given some eleven months later was untimely. Thus, the Colorado Governmental Immunity Act would bar any tort claim were the Plaintiff asserting one.

For the foregoing reasons, the Defendant's Motion to Strike and Motion for Summary Judgment **(# 13)** is **GRANTED IN PART** and **DENIED IN PART**. The Defendant is entitled to judgment in his favor as to any tort claims by the Plaintiff and any damages claim for mental injury or emotional suffering. However, the Court declines to grant judgment on the 8th Amendment claim for the reasons discussed above.

---

[5]The failure of the Plaintiff to demonstrate "physical injury" under § 1997e(e) does not, however, require the entry of judgment in favor of the Defendant. An inmate who cannot recover monetary damages for purely emotional injuries may still recover nominal damages in the amount of $1, as well as declaratory relief. *Searles*, 251 F.3d at 878-89.

Dated this 12th day of August, 2010

                            **BY THE COURT:**

                            _____

                            Marcia S. Krieger
                            United States District Judge