**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

Civil Action No. 09-cv-01274-MSK-MJW

IVAN JONES,

       Plaintiff,

v.

TODD COWENS,

       Defendant.

_____

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss **(# 29)**, to which no responsive papers were initially filed. By Order **(# 31)** dated April 25, 2012, the Court found that the Motion to Dismiss relied on evidentiary material and thus converted it to one for summary judgment under Fed. R. Civ. P. 56, giving the parties an opportunity to submit any additional evidence relevant to it. Both Mr. Jones **(# 33)** and the Defendant **(# 32)** did so.

**FACTS**

According to the *pro se* Complaint **(# 3)**, on October 12, 2007, Mr. Jones was an inmate of the Colorado Department of Corrections ("CDOC"), being transferred from the custody of Adams County authorities to the CDOC Diagnostic Center. Mr. Jones contends that the Mr. Cowens, a CDOC Corrections Officer, "marched plaintiff to an occupied cell, threw out the occupant, threw in plaintiff, removed Adams County's shackles and placed DOC handcuffs on plaintiff (behind his back) so tight they caused great pain and reduced his circulation." The

Plaintiff contends that he was left in this condition for two hours, and that his requests to loosen the handcuffs or to use the toilet were denied. The Plaintiff also contends that his shoes were removed from him, "aggravat[ing] his plantar fasciitis foot condition" and that, because he was handcuffed, he was "unable to shoo away" gnats that were in the cell.

He alleges three causes of action: (i) that he was subjected to cruel and unusual punishment in violation of the 8th Amendment to the U.S. Constitution; (ii) a claim entitled "Negligence- violation of 8th and 14th Amendments," which recites that, although there was a toilet in the cell, the Plaintiff was unable to use it because of his handcuffed condition; and (iii) a claim entitled "Brutality - violation 8th Amendment" which contends that the Defendant purposefully placed the handcuffs too tightly on the Plaintiff, causing "great pain," affecting the Plaintiff's circulation, and causing "deep red grooves around his wrists that lasted several hours," and further alleging that prison officials prevented the Plaintiff from seeing the facility nurse in order to cover up any injuries caused by the handcuffs.

In a prior Order **(# 17)**, the Court dismissed any tort claims arguably alleged by Mr. Jones' Complaint, but allowed any 8th Amendment claims to proceed. The Court also found that, pursuant to 42 U.S.C. § 1997e(e), Mr. Jones' failure to allege any physical injury resulting from the conduct at issue prevented him from recovering any monetary damages on his claim(s), but the Court found that such claims could nevertheless result in declaratory relief or nominal damages.

Mr. Cowens now moves **(# 29)** to dismiss Mr. Jones' 8th Amendment claim(s), arguing that Mr. Jones has failed to allege conduct that would rise to the level of an 8th Amendment violation. As noted above, the Court has converted the motion to one for summary judgment.

2

## ANALYSIS

### A. Standard of review

#### 1. *Pro se* pleadings

Mr. Jones appears *pro se*. As a result, the Court reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Jones of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat him according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

#### 2. Summary judgment standard

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proven for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of

and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P. 56(c)(1)(A).  Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute.  *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).  If there is a genuine dispute as to a material fact, a trial is required.  If there is no genuine dispute as to any material fact, no trial is required.  The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove.  If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required.  If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B.  8th Amendment claim

Mr. Jones alleges that the conditions of his confinement violated his 8th Amendment right

to be free from cruel and inhuman punishment.  To establish an 8th Amendment claim based on conditions of confinement, Mr. Jones must show: (i) that the conditions of his confinement objectively posed a sufficiently serious risk of harm to his well-being; and (ii) that Mr. Cowens was subjectively aware of the risk to Mr. Jones' well-being and deliberately chose to take no action to alleviate that risk.  *See generally Rocha v. Zavaras*, 443 Fed..Appx. 316, 319 (10th Cir. 2011) (unpublished), *citing Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994).  To rise to the level of an objectively serious deprivation, the conditions of confinement must be "sufficiently serious so as to deprive inmates of the minimal civilized measure of life's necessities," or to otherwise pose a risk of serious physical or emotional harm.  *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).  In assessing the seriousness of the conditions, the Court must consider the frequency and duration of the condition, as well as the measures employed to alleviate it.  *Id.*

The Court turns to addressing the particular circumstances presented here.  According to Mr. Jones' deposition, he had recently arrived at the CDOC facility and was being processed for intake.  Mr. Cowens, the Corrections Officer in charge, directed Mr. Jones to stand at a certain spot.  Mr. Jones, believing Mr. Cowens to be making unreasonable demands and using a "belligerent" tone of voice, "took [his] time" moving to the spot.  Mr. Cowens responded by "grabb[ing]" Mr. Jones by the arm and "march[ing]" him over to a row of cells.  Although Mr. Jones states that Mr. Cowens "throws [him]" into a cell, Mr. Jones clarified that "I was walking with him" into the cell.  Mr. Cowens removed one set of handcuffs on Mr. Jones and replaced them with another set, fastened behind Mr. Jones' back.  Mr. Jones states that Mr. Cowens "sorts of ratchets them up to make sure I'm in pain, basically," causing him to suffer "deep red grooves around my wrists that actually lasted quite a while."  Mr. Jones testified that he stated to Mr.

Cowens "don't you think they're a little tight?," but did not specifically ask Mr. Cowens to loosen the handcuffs. Mr. Cowens then closed the cell door and left the scene.

Mr. Jones states that he remained in the handcuffs for a period of 2-3 hours before Mr. Cowens returned to remove them. During that period, Mr. Jones felt like he needed to use the toilet and asked other CDOC staff to remove the handcuffs to allow him to do so, but the staff refused, directing Mr. Jones to speak to Mr. Cowens. Mr. Jones also noted that there were "some gnats in the room, and gnats buzz your face[,] so I'm sitting there dodging the gnats." When Mr. Cowens returned, Mr. Jones apologized to him for making him mad. Mr. Cowens removed the handcuffs and permitted Mr. Jones to use the toilet, then moved Mr. Jones to an area to be processed. Mr. Jones had several additional encounters with Mr. Cowens over the next few hours, all of which were without incident.

Based on this record, taken in the light most favorable to Mr. Jones, the Court finds that Mr. Jones has not demonstrated a genuine dispute of fact with regard to either the objective or subjective elements of an 8th Amendment claim. Turning first to the objective element, Mr. Jones' evidence demonstrates, at best: (i) Mr. Cowens spoke to him in a loud and "belligerent" tone of voice; (ii) Mr. Cowens placed handcuffs on Mr. Jones despite placing him in a cell[1]; (iii) the handcuffs were quite tight, causing Mr. Jones to experience "deep red grooves" on his wrists for some time thereafter; (iv) because of the handcuffs, Mr. Jones was not able to use the bathroom for a period of 2-3 hours; and (v) there were gnats in the cell that "buzzed" his head. The Court cannot say that, individually or in concert, these facts arise to an objectively serious

---

[1]Mr. Jones makes much of the fact that he was left in handcuffs despite being locked in a cell. As Mr. Jones puts it in his affidavit, "A cell is designed for the removal of cuffs, hence, the toilet in the cell and the reinforced door and walls."

risk of harm.

Although there are cases in which inmates were found to have stated 8th Amendment claims when they were denied access to toilets, these cases invariably involve situations in which the denial of access to bathroom facilities extended for many hours, sometimes days, often coupled with far more severe hygiene concerns. *See e.g. Williams v. Adams*, 935 F.2d 960, 961 (8th Cir. 1991) (claim stated where inmate placed in holding cell for 13 days, denied hygiene items and clean clothes, and subjected to toilet that "did not work and . . . continually ran over and leaked onto the cell floor and the floor stayed filthy with its waste"). Here, Mr. Jones was denied the ability to use the toilet for no more than 2-3 hours. Although inconvenient and uncomfortable, the Court cannot say that such a situation is so objectively serious as to rise to the level of unconstitutionality. *See Ledbetter v. City of Topeka,* 318 F.3d 1183, 1188 (10th Cir. 2003) (inmate's contention that he was "placed in his bare feet in a cell without a toilet for five hours does not allege a sufficiently serious deprivation"). Similarly, the presence of gnats or the fact that he was handcuffed during the 2-3 hour time period do not suffice to render the conditions of his brief confinement particularly serious. *See e.g. Smith v. Barber*, 316 F.Supp.2d 992, 1028 (D. Kan. 2004) (detainees housed for 10-20 days in cells with leaking water and "infested with . . . gnat-like insects" failed to state 8th Amendment claim); *Wilson v. Brown*, 261 Fed.Appx. 442, 443-44 (3d Cir. 2008) (unpublished) (locking handcuffed inmate in cell overnight did not give rise to 8th Amendment claim).

An interesting contrast may be found in *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir, 2011). There, the inmate was placed in an observation cell, handcuffed behind his back, for a period of approximately 12 hours, during which time he was not able to use the toilet, get a drink

of water, or sit or lie down comfortably. Finding this to constitute an 8th Amendment violation, the court was particularly mindful of the fact that the inmate was "nonresistant" and thus, there was "no legitimate penological purpose" justifying restraint while he was in the cell. *Id. Barker* is distinguishable from the situation presented here in two important respects. First, the duration of the confinement here – two to three hours – is far less than the 12-hour duration of confinement in *Barker*. It is undoubtedly unpleasant and uncomfortable for an inmate to be deprived of the ability to use the toilet for a 2-3 hour period, but the deprivation of the ability to use the toilet for a 12-hour period is far more concerning. Second, *Barker* is distinguishable insofar as the inmate there was "nonresistant,". Here Mr. Jones admits that he purposefully resisted Mr. Cowens' instructions to stand in a particular spot, and indeed, later apologized to Mr. Cowens for his intransigence. Thus, unlike *Barker*, Mr. Cowens had a colorable penological purpose for restraining Mr. Jones for a brief time in the holding cell. Accordingly, the Court finds that Mr. Jones has failed to come forward with facts sufficient to demonstrate the objective prong of an 8th Amendment claim.

Even if the deprivation were to approach the objective standard, however, Mr. Jones has failed to establish Mr. Cowens' awareness of any dangerous conditions Mr. Jones faced, much less Mr. Cowens' deliberate indifference to those conditions. Mr. Jones states that he asked several other CDOC staffers to permit him to use the bathroom, but he does not state that he asked to talk to Mr. Cowens and that Mr. Cowens refused, or that he made such a request of Mr. Cowens and Mr. Cowens refused. Although Mr. Jones made a comment to Mr. Cowens about the handcuffs being tight, that remark was neither a clear statement to Mr. Cowens that Mr. Jones felt that the handcuffs were actually painful or a request that they be loosened. Instead,

viewed in the context of the circumstances, Mr. Jones's comment appears to be sarcastic or combative. Without evidence in the record to suggest that Mr. Cowens was aware that the handcuffs were painfully tight or that they prevented Mr. Jones from using the toilet, Mr. Jones fails to demonstrate the subjective element of an 8th Amendment claim as well.

Accordingly, the Court finds that Mr. Cowens is entitled to summary judgment on Mr. Jones' remaining 8th Amendment claim.

## **CONCLUSION**

For the foregoing reasons, Mr. Cowens' Motion to Dismiss **(# 29)**, which the Court has converted to a motion for summary judgment, is **GRANTED**. The Clerk of the Court shall enter judgment in favor of Mr. Cowens and shall close this case.

Dated this 19th day of August, 2012

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge